(89 App. Div. 145.)

### STEVENS et al. v. SKANEATELES R. CO.

(Supreme Court, Trial Term, Onondaga County.  December, 1903.)

1. EJECTMENT—USE OF STREET BY RAILROAD.

Abutting owners owning to the center of a village street may bring ejectment against a railroad company operating a single track through the street where it imposes a new switch on their half of the street.

2. SAME—PRESUMPTION OF CONSENT.

Where a railroad has operated a track in a village street for more than 30 years with the consent of the village trustees, it raises a presumption of the consent of abutting owners to such construction, but creates no presumption of consent to a switch erected additional to the track.

Action by Charles Stevens and others against the Skaneateles Railroad Company.  Judgment for plaintiffs.

C. R. Milford, for plaintiff.

George Barrow, for defendant.

ANDREWS, J.  The plaintiffs are the owners and in possession of lot No. 7 in block No. 2 in the village of Skaneateles.  This lot is bordered on the east by a highway known as "Railroad Street," through the center of which runs the single-track railroad of the defendant.  In October, 1901, the defendant built and still maintains a switch from its tracks diagonally toward the west and across the half of the street in front of the plaintiffs' lot.  The plaintiffs, claiming title to the center of the street, say that this act was unlawful, and that it will support an action of ejectment on their part.  If they are right in their claim that they own to the center of the street, they are entitled to judgment.  It is a pure question of title.  In 1869, Charles Pardee and wife deeded to H. C. Sherman a parcel of land including the premises now owned by the plaintiffs.  As appears by the evidence, Railroad street was in existence at least since 1866, and the Pardee deed would have conveyed title to the center thereof if the grantor had such title.  The same thing is true of all later deeds under which the plaintiffs claim.  Subsequent grantees claiming under Pardee's deed being in possession of the premises in question, it is to be presumed that he was the owner of lot 7 in 1869.  Further, such lot abutting on the street, it is to be presumed that he owned to the center thereof.  On August 13, 1866, the trustees of Skaneateles village signed and executed a consent that the defendant might have a right of way over and might lay and construct a railway track, with necessary turnouts, upon and through Railroad street in said village.  The fact that Pardee executed this consent in his official capacity as trustee gave the defendant no right to construct its road without also obtaining his consent as owner of the fee in the street.  Whether it ever did obtain his consent and that of the other abutting owners does not appear, but from the fact that the road was constructed at that time, and has ever since been maintained, such consent is to be presumed.  Such presumption, however, only extends so far as is necessary to justify the rights which the railroad assumed to exercise,

¶ 1. See Ejectment, vol. 17, Cent. Dig. § 26.

namely, the right to construct and maintain a single track through the center of the street. There is no presumption that there was any consent by the property owners further than this. This being so, the plaintiffs, as the owners of the land in front of their lots to the center of the street, subject to the public easement, and subject to the right of the defendant to maintain a single-track railroad as it now exists, may object to the imposition of any additional burden upon their land. The construction of the switch in question is such an additional burden.

The case must be decided largely upon presumptions, for the reason that the evidence is very meager. Some claim is made on behalf of the plaintiffs that the land in question came from Mr. Pardee through a deed given by Eliza D. Porter in 1850. The description in this deed was of all the land now owned by the grantor on lots 27 and 36 in the town of Skaneateles, which she inherited as the heir of one Wredenburgh. The plaintiffs' land is on lot 27. Nothing further appears in the case, however, unless it is some admissions in the defendant's brief to show that lot 7, block 2, was covered by this deed. On the part of the defendant it is claimed that the title to Railroad street was in a former corporation, known as the Skaneateles & Jordan Railroad Company; and as proof of this fact there is put in evidence a decree in foreclosure in an action against that company, and various deeds following such decree. So far as they have been furnished me, there is nothing whatever in the case to show that those deeds covered the land in question. The defendant also put in evidence various deeds from Mrs. Porter to John Rossiter and Margaret Van Dyne and others which speak of the west line of the Skaneateles railroad. Again, even assuming that such deeds are competent in evidence, there is nothing in the case to identify the land covered by them. The evidence does not show that the plaintiffs have suffered anything more than nominal damages. Upon the facts before me the plaintiffs are entitled to judgment for the relief demanded in the complaint, with costs.

Judgment for plaintiffs, with costs.